IN RE 1990 RED CHEROKEE JEEP

[131 N.C. App. 108 (1998)]

In Re 1990 RED CHEROKEE JEEP, VIN 1J4FJ38L4LL146261

No. COA97-964

(Filed 6 October 1998)

**1. Motor Vehicles— forfeiture—standing**

The Town of Waynesville had no standing to petition for an order of forfeiture of a vehicle under N.C.G.S. § 14-86.1 where the vehicle was used to transport a stolen safe. By the statue's terms, a forfeiture is a criminal proceeding and the authority to prosecute criminal actions rests exclusively with the district attorneys; moreover, other statutory provisions indicate a plain legislative intent that only district attorneys are to prosecute forfeiture proceedings under N.C.G.S. § 14-86.1.

**2. Motor Vehicles-seizure— search warrant—standing to request**

The trial court erred by denying for lack of standing petitioner's motion to seize a motor vehicle used to transport a stolen safe. Under the facts of this case, the vehicle may be seized under N.C.G.S. § 14-86.1 only pursuant to a search warrant. Although only justices, judges, clerks and magistrates may issue search warrants and only law enforcement officers may execute them, any person or entity may apply for a search warrant.

Appeal by petitioner, the Town of Waynesville, from order entered 2 May 1997 by Judge J. Marlene Hyatt in Haywood County Superior Court. Heard in the Court of Appeals 18 May 1998.

*Brown, Queen & Patten, PA, by Frank G. Queen, and Brown, Ward & Haynes, PA, by Michael Bonfoey, for petitioner-appellant the Town of Waynesville.*

*No counsel contra.*

LEWIS, Judge.

This case involves an effort by the Town of Waynesville ("the Town") to have a Jeep seized and forfeited to the Town for use by the Waynesville Police Department. The superior court judge denied the "Motion for Seizure Order and Forfeiture" filed by the Town on the ground that petitioner lacked standing to bring the motion. We af-

firm the ruling in part, reverse it in part, and remand the case to the superior court.

The Jeep at issue was allegedly used by Aimee Nicole Morgan to transport a stolen safe from a restaurant to another location in order to force it open and steal its contents. On 24 January 1996, Morgan pled guilty to aiding and abetting a felonious larceny.

On 2 February 1996, the Town of Waynesville filed a "Motion for Seizure Order and Forfeiture" pursuant to N.C. Gen. Stat. § 14-86.1 (1993). The motion was filed under the docket number of the criminal case in which judgment was rendered against Ms. Morgan. It states that Ms. Morgan owned the Jeep on the date of the offense (12 June 1995), that she currently owns the Jeep, and that she "keeps and maintains the property at or near 101 Eagle Gap Road, Waynesville." The motion goes on to say that because the Jeep was used to convey stolen property worth more than $2,000, it is subject to seizure and forfeiture under G.S. 14-86.1.

The superior court denied petitioner's motion in full. The court held that petitioner had no standing to request an order of forfeiture under G.S. 14-86.1. The trial judge's view was that only the district attorney could petition for an order of forfeiture. The trial judge made no written conclusions about the request for an order authorizing seizure.

[1] This appeal presents us with two distinct questions: (1) Who may petition for an order for seizure under G.S. 14-86.1?; and (2) Who may petition for an order of forfeiture under G.S. 14-86.1? We address the forfeiture question first.

The controlling statute in this case, G.S. 14-86.1, is found in Chapter 14 of the General Statutes, "Criminal Law," Article 16, "Larceny." The statute provides in relevant part,

> All conveyances, including vehicles, watercraft or aircraft, used to unlawfully conceal, convey or transport property in violation of G.S. 14-71, 14-71.1, or 20-106, or used by any person in the commission of armed or common-law robbery, or used by any person in the commission of any larceny when the value of the property taken is more than two thousand dollars ($2,000) shall be subject to forfeiture as provided herein, except that:

> . . . .

(6) **The trial judge in the criminal proceeding which may subject the conveyance to forfeiture** may order the seized conveyance returned to the owner if he finds forfeiture inappropriate. . . .

N.C. Gen. Stat. § 14-86.1(a) (1993) (emphasis added). Subsection (b) provides,

Any conveyance subject to forfeiture under this section may be seized by any law-enforcement officer upon process issued by any district or superior court having original jurisdiction over the offense except that seizure without such process may be made when:

(1) The seizure is incident to an arrest or subject to a search under a search warrant; or

(2) The property subject to seizure has been the subject of a prior judgment in favor of the State **in a criminal injunction or forfeiture proceeding under this section**.

N.C. Gen. Stat. § 14-86.1(b) (emphasis added). By the statute's own terms, then, a forfeiture proceeding under G.S. 14-86.1 is a criminal proceeding.

The authority to prosecute criminal actions in the courts of North Carolina rests exclusively with the district attorneys of the State. N.C. Const. art. IV, § 18; N.C. Gen. Stat. § 7A-61 (1995); *State v. Camacho*, 329 N.C. 589, 593, 406 S.E.2d 868, 871 (1991); *State v. Sturgill*, 121 N.C. App. 629, 637-38, 469 S.E.2d 557, 562 (1996). The Town had no authority, therefore, to petition the Criminal Division of the Haywood County Superior Court for an order of forfeiture under G.S. 14-86.1.

Our conclusion that district attorneys alone may prosecute forfeiture proceedings under G.S. 14-86.1 is bolstered by other statutory provisions. Subsection (e) of G.S. 14-86.1 states in part,

All conveyances subject to forfeiture under the provisions of this section shall be forfeited pursuant to the procedures for forfeiture of conveyances used to conceal, convey, or transport intoxicating beverages found in G.S. 18B-504.

Section 18B-504 provides for the forfeiture of property, including vehicles, used to commit violations of the alcoholic beverage control laws of Chapter 18B ("ABC laws"). N.C. Gen. Stat. § 18B-504 (1995). When the owner or possessor of a conveyance subject to forfeiture is

found guilty of violating an ABC law, the presiding judge in the criminal proceeding must decide whether to order forfeiture of the property. N.C. Gen. Stat. § 18B-504(e)(1) (1995). The designation of the judge who presides at the criminal trial as the person who is to decide the forfeiture issue clearly indicates that the district attorney is to represent the State at the forfeiture hearing. Similarly, section 18B-504 expressly authorizes the district attorney to seek the forfeiture of property if the owner is unknown, or if the owner is known and has been charged with a crime but is unavailable for trial. *See* N.C. Gen. Stat. § 18B-504(i). These provisions, incorporated by reference into G.S. 14-86.1, indicate a plain legislative intent that only district attorneys are to prosecute forfeiture proceedings under G.S. 14-86.1.

Having decided that the Town had no standing to petition for an order for forfeiture under G.S. 14-86.1, we now examine whether it had standing to seek an order authorizing seizure of the Jeep.

[2] We make two preliminary observations. First, contrary to what is implied in petitioner's brief, the procedures for seizing a conveyance under G.S. 14-86.1 are not found in General Statutes section 18B-504; section 18B-504 contains only the procedures for forfeiture of conveyances under G.S. 14-86.1. *See* N.C. Gen. Stat. § 14-86.1(e). Second, we note that only "law-enforcement officers" are authorized to seize conveyances under G.S. 14-86.1. N.C. Gen. Stat. § 14-86.1(b). The Town of Waynesville is not a "law-enforcement officer" and thus has no authority to seize Ms. Morgan's Jeep under G.S. 14-86.1.

The question before us, however, is not whether the Town has authority to seize Ms. Morgan's Jeep, but whether it has standing to petition the superior court for an order authorizing seizure of the Jeep by law-enforcement officers. Subsection (b) of G.S. 14-86.1 lists the circumstances under which the seizure of a conveyance is permitted:

> Any conveyance subject to forfeiture under this section may be seized by any law-enforcement officer upon process issued by any district or superior court having original jurisdiction over the offense except that seizure without such process may be made when:
>
> (1) The seizure is incident to an arrest or subject to a search under a search warrant; or

(2) The property subject to seizure has been the subject of a prior judgment in favor of the State in a criminal injunction or forfeiture proceeding under this section.

Subsection (b)(2) is inapplicable to this case because no such judgment has been rendered. Similarly, the Town's proposed seizure of Ms. Morgan's Jeep would not be "incident to arrest"; Ms. Morgan has already been arrested and convicted of the larceny in which she allegedly used the Jeep. Furthermore, the provision authorizing seizure upon the issuance of "process" by a district or superior court does not seem to apply here. *See* N.C. Gen. Stat. §§ 15A-301 through 15A-305 (discussing the four common forms of criminal process: citation, criminal summons, warrant for arrest, and order for arrest).

Accordingly, in this case, Ms. Morgan's Jeep may be seized under G.S. 14-86.1 only pursuant to a search under a search warrant. *See* N.C. Gen. Stat. § 14-86.1(b)(1); *see also* N.C. Gen. Stat. § 15A-242 (1997) (providing that an item is subject to seizure pursuant to a search warrant if there is probable cause to believe that it has been used to commit a crime). We thus read the Town's "Motion for Seizure Order" as an application for an order authorizing a search for the purpose of seizing the Jeep. Although the location of the Jeep is already known, in order to seize it, a search warrant must be obtained. *See* N.C. Gen. Stat. § 15A-241 (defining search warrant in relevant part as "a court order and process directing a law-enforcement officer to search designated premises . . . for the purpose of seizing designated items").

It bears mentioning that, where G.S. 14-86.1(b) authorizes the seizure of conveyances "upon process issued by any district or superior court," we do not believe the word "process" includes search warrants. If the legislature intended the word "process" to include search warrants, there would have been no reason to provide in subsection 14-86.1(b)(1) that law-enforcement officers may seize conveyances "without such process" when the seizure is "subject to a search under a search warrant."

The issue before this Court, then, is whether the Town of Waynesville has standing to apply for a search warrant authorizing seizure of the Jeep. We find nothing in Article 11 of the Criminal Procedure Act, "Search Warrants," that would prohibit the Town from applying for a search warrant. The Criminal Procedure Act provides that only Justices, judges, clerks, and magistrates may issue search warrants, *see* N.C. Gen. Stat. § 15A-243 (1997), and that only law-

enforcement officers may execute them, *see* N.C. Gen. Stat. § 15A-247 (1997), but it does not limit those persons or entities who may apply for search warrants. Any person or entity—including, as here, a town—may apply for a search warrant.

On the narrow question of whether the Town of Waynesville has standing to apply for a search warrant, we hold that it does. We do not decide whether the Town's application for a search warrant has satisfied the procedural requirements of N.C. Gen. Stat. § 15A-244 (1997). Nor do we decide whether the Town has shown an adequate basis for issuance of the warrant, *see* N.C. Gen. Stat. § 15A-245 (1997). Our holding today is limited to recognizing the Town's standing to apply for the search warrant. We reiterate and emphasize that the Town has no authority whatsoever to execute the search warrant for Ms. Morgan's Jeep. *See* N.C. Gen. Stat. §§ 14-86.1 and 15A-247.

In summary, we conclude that the trial court correctly denied petitioner's motion for forfeiture under 14-86.1. The trial court erred, however, when it denied petitioner's "Motion for Seizure Order" on the basis that petitioner lacked standing to seek it. We remand the case to the trial court for disposition of petitioner's "Motion for Seizure Order."

Affirmed in part, reversed in part, and remanded.

Judges MARTIN, John C. and SMITH concur.